IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALFREDO DE LOS REYES, | § | |
| | § | |
| V. | § | A-11-CV-1045 SS |
| | § | |
| WELLS FARGO HOME MORT., et al., | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

I.

This is a pro se civil action brought by Alfredo De Los Reyes against Wells Fargo Home Mortgage and Electronic Registration Systems, Inc. On December 6, 2011 Plaintiff filed his Application to Proceed In District Court Without Prepaying Fees or Costs (Clerk's Dkt. #1) and submitted his Original Complaint. Because Plaintiff is requesting permission to proceed in forma pauperis, this Court must review and make a recommendation on the merits of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e).[1]

---

[1]That statute provides, in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

(A)   the allegation of poverty is untrue; or

Pursuant to this obligation, and Federal Rule of Civil Procedure 12(e), the undersigned reviewed Plaintiff's complaint and noted several deficiancies. For example, although Plaintiff identifies "Wells Fargo Home Mortgage" as a defendant in the caption of his case, he lists "Wells Fargo Home Loan Servicing" as a party. More significantly, he does not allege any wrongdoing by either Wells Fargo entity in his complaint, but instead complains of the conduct of GMAC. The undersigned also noted the allegations of Plaintiff's complaint are inconsistent. For example, Plaintiff states he applied for a "first mortgage loan" but also refers to the loan as a "home equity loan." Further, the complaint indicates Plaintiff's claims under the Truth in Lending Act ("TILA") may be subject to dismissal as barred by limitations or seeking an unavailable remedy. *See Beach v. Ocwen Federal Bank*, 523 U.S. 410, 419, 118 S. Ct. 1408, 1413 (1998) (right to rescission under TILA expires after three years); *Townsend v. BAC Home Loans Servicing, L.P.*, 2011 WL 6032946, at *3 (5th Cir. 2011) (TILA claims subject to one-year limitations period under 15 U.S.C. § 1640(e)).

Plaintiff was instructed he must to file an amended complaint with the Clerk of the Court. on or before December 22, 2011 in compliance with the Court's order correcting the deficiencies in his complaint. Plaintiff was admonished that his failure to timely file the amended complaint would result in this Court's recommending dismissal of Plaintiff's complaint for want of prosecution. To date, however, Plaintiff has failed to respond to the Court's order.

---

(B) the action or appeal--
    (i)    is frivolous or malicious;
    (ii)    fails to state a claim on which relief may be granted; or
    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

II.

A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Baldwin v. Gladstone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S. Ct. 1386 (1962)). Such a dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *Berry v. CINA/RSI-CINA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

III.

Plaintiff has ignored a court order requiring him to provide additional information regarding the factual and legal basis of his claims. Without this information, the Court cannot perform the review and recommendation as to the merits of Plaintiff's claims required under 28 U.S.C. § 1915(e) and this litigation cannot proceed. Dismissal is clearly appropriate under the circumstances. *See* FED. R. CIV. P. 41(b) (authorizing dismissal of case for failure of plaintiff to prosecute); *Dorsey v. Scott Wetzel Serv.*, 84 F.3d 170, 171 (5th Cir. 1996) (Rule 41(b) authorizes district court to dismiss action with prejudice for want of prosecution by plaintiff).

The referral of this case to the Magistrate Court should now be cancelled.

IV. RECOMMENDATION

The Magistrate Court hereby **RECOMMENDS** the District Court dismiss Plaintiff's cause of action without prejudice pursuant to Fed. R. Civ. P. 41(b).

## V. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Common*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).

To the extent that a Party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such Party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 3rd day of January, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE